UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DASHALAHN BROWN,

    Plaintiff,

vs.

ADMINISTRATIVE JUDGE
DENISE CROSS, *et al.*,

    Defendants.

Case No. 3:23-cv-181

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT WRIGHT PATTERSON AIR FORCE BASE'S MOTION TO DISMISS (Doc. No. 11); (2) GRANTING DEFENDANT CROSS'S RENEWED MOTION TO DISMISS (Doc. No. 6); (3) DISMISSING THE CASE AGAINST DEFENDANT HOLLINS; (4) DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (Doc. No. 13); (5) DENYING AS MOOT ALL REMAINING MOTIONS (Doc. No. 17); AND (6) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case, premised on federal question jurisdiction, is before the Court on two motions to dismiss and a motion for a preliminary injunction. Doc. Nos. 6, 11, and 13. Plaintiff, proceeding *pro se*,[1] filed a memorandum opposing dismissal (Doc. No. 14), and Defendants Administrative Judge Denise Cross and Wright Patterson Air Force Base ("WPAFB") have filed memoranda in opposition to the preliminary injunction motion (Doc. Nos. 18, 19). Accordingly, these motions are ripe for review.

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## I. Facts

Plaintiff, a former employee of the Montgomery County Domestic Relations Court, commenced this action in the Montgomery County Court of Common Pleas alleging unspecified violations of her civil rights. Doc. No. 2. Defendants are: (1) Plaintiff's former employer, Defendant Judge Denise Cross; (2) Defendant WPAFB; and (3) Defendant Dr. John Hollins, whom Plaintiff identifies only as "a retired Air Force sergeant, CIA agent, and a member of the Association of Crown." Doc. No. 2-1 at PageID 53. Defendant Judge Cross subsequently filed a motion to dismiss (*see* Doc. No. 1-3 at PageID 35-45), and, while that motion was pending, Defendant WPAFB removed to this Court pursuant to 28 U.S.C. § 1442. *See* Doc. No. 1.

Defendant Judge Cross has now renewed her motion to dismiss (Doc. No. 6), and Defendant WPAFB has filed a motion to dismiss of its own (Doc. No. 11).

## II. Legal Standard

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

2

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

### III.  Analysis

**A.  Plaintiff's Claim Against Defendant Judge Cross**

Plaintiff's complaint contains numerous factual allegations against Defendant Judge Cross. Plaintiff asserts that—presumably during her employment at the Montgomery County Domestic Relations Court—Judge Cross "started being mean to [Plaintiff] at work" and sending Plaintiff unspecified "subliminal messages."  Doc. No. 2-1 at PageID 51.  She further alleges that Judge Cross "would come directly to [Plaintiff's] desk and mean[-]mug her"; that on various occasions she followed Plaintiff or directed others to follow her; that she was "involved" in a "hit" that was "put out" on Plaintiff in 2017; and that "she lied to the former Sheriff . . . that [Plaintiff] bullied a coworker." *Id*. at PageID 51-52.  Plaintiff asserts that by taking these actions, Judge Cross violated Plaintiff's "civil and human rights" and "misus[ed her] position[] of power for corruption towards [Plaintiff]."  Doc. No. 2 at PageID 50 (cleaned up).

3

Plaintiff does not explicitly identify any cause of action under which she is proceeding. However, this deficiency is not necessarily fatal. As another district court has noted in the context of *pro se* litigants, "[t]he Federal Rules of Civil Procedure do not require plaintiffs to pin their claims for relief to a precise statute or legal theory." *Hodge v. Terminix Global Holdings, Inc.*, No. 3:21-CV-00690, 2023 WL 1120879, at *4 (M.D. Tenn. Jan. 30, 2023).

Nevertheless, even a *pro se* complaint must adhere to the "basic pleading essentials," and the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). While the Court must "construe a *pro se* petition to encompass any allegation stating federal relief," *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985), it cannot "conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (internal citations omitted). Nor can it "construct full-blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff has not pled facts showing that Defendant Judge Cross engaged in any actionable conduct. However liberally construed, Plaintiff's complaint asserts, at most, only that Defendant Judge Cross was an unpleasant boss. This fact, even if accepted as true, is insufficient to entitle Plaintiff to relief. *See, e.g.*, *Vonderhaar v. Waymire*, 797 F. App'x 981, 993 (6th Cir. 2020) (in employment context, "'hurt feelings' . . . fail to create a triable dispute"); *Girard v. Raha*, 872 F.2d 1025 (6th Cir. 1989) (affirming dismissal of Section 1983 claim where *pro se* plaintiff alleged, at most, an unpleasant conversation). Accordingly, Plaintiff's Complaint shall be **DISMISSED WITH PREJUDICE** with respect to Judge Cross.

### B. Plaintiff's Claim Against Defendant Hollins

Although he is identified in the caption (*see* Doc. No. 2 at PageID 50), Plaintiff's complaint contains scant information regarding Defendant Hollins. Plaintiff does not indicate the nature of

her relationship with Defendant Hollins other than to state that she "fired [him] for his unprofessionalism." Doc. No. 2-1 at PageID 53. The sole factual allegation Plaintiff raises against Defendant Hollins is that he is in possession of Plaintiff's "licensed firearm," which he is "withholding without any legal basis." *Id*. at PageID 58. Plaintiff provides no further context for this claim and does not identify the firearm in question or explain how it came into Defendant Hollins's possession or why his continued possession of it is unlawful. Plaintiff's allegations regarding the firearm are thus unsupported legal conclusions that, like her conclusory assertion that Defendant Hollins "is obsessed with gaining control over [her] life," are insufficient to constitute a well-pleaded claim. *See 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[C]onclusory allegations … that the defendant violated the law" do not state a claim upon which relief can be granted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (courts need not accept "non-specific factual allegations and inferences" or "unwarranted legal conclusions").

Although he has not been served and has not filed a motion to dismiss, the Court finds that the claims against Defendant Hollins merit dismissal. "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Here, however, Plaintiff has not paid a filing fee. Rather, Plaintiff was granted "indigent litigant" status by the state court prior to removal. Doc. No. 1-3 at PageID 32. Accordingly, because a federal court takes a removed case "as though everything done in the state court had in fact been done in the federal court," *Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955), Plaintiff is an *in forma pauperis* litigant within the meaning of 28 U.S.C. § 1915, and her complaint is subject to *sua sponte* dismissal for failure to state a claim upon which relief can be granted. *See Anderson v.*

5

*Memphis Union Mission*, No. 2:22-CV-02402, 2023 WL 2945317, at *3-5 (W.D. Tenn. Jan. 21, 2023).  Therefore, Plaintiff's complaint shall be **DISMISSED** with respect to Defendant Hollins.

### C. Defendant's Claims Against Defendant WPAFB

Defendant WPAFB moves the Court to dismiss Plaintiff's complaint on two grounds.  *See generally* Doc. No. 11.  First, WPAFB asserts that this Court lacks jurisdiction to hear Plaintiff's claims against it.  *Id.* at PageID 87-88.  Second, WPAFB contends that Plaintiff has failed to state a claim upon which relief can be granted.  *Id.* at PageID 88-91.  The Court finds that the first argument is well-taken and therefore, because jurisdiction is "a threshold matter" and an absolute prerequisite to further proceedings, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), finds that Defendant WPAFB's motion to dismiss (Doc. No. 11) shall be granted.

As an agency of the United States, Defendant WPAFB enjoys sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Sovereign immunity shields the United States not just from liability, but from suit. *Ford Motor Co. v. United States*, 768 F.3d 580, 586 (2014).  It is thus a jurisdictional doctrine which entirely prevents the Court from hearing certain claims. *Id*.

When jurisdiction is challenged, the party seeking to invoke jurisdiction bears the burden of proving that it exists.  *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 433-34 (6th Cir. 2005).  Therefore, a plaintiff attempting to sue the United States or its agencies bears the burden of identifying a waiver of sovereign immunity and demonstrating that it applies to their claims. *See, e.g.*, *Gaetano v. United States*, 994 F.3d 501, 509 (2021); *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).  "If the plaintiff cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013) (citing *Reetz*, 224 F.3d at 795 (internal alterations omitted)).

Plaintiff has not identified any waiver that would allow this Court to hear her claims against WPAFB. Neither Plaintiff's complaint (Doc. No. 2) nor her response to WPAFB's motion to dismiss (Doc. No. 14) directly addresses the question of immunity. Nor does Plaintiff at any point cite to any statutory authority. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text.").

Accordingly, the Court concludes that it lacks jurisdiction over Plaintiff's claims against Defendant WPAFB and WPAFB's motion to dismiss (Doc. No. 11) is **GRANTED**.

### D.  Plaintiff's Request for Preliminary Injunctive Relief

Plaintiff seeks a preliminary injunction that would prohibit Defendants from "violating…civil rights and any other systematic discriminations[.]" Doc. No. 13 at PageID 95.

To determine whether a preliminary injunction should issue, the Court must balance four factors: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). Sixth Circuit precedent dictates that "[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Commonwealth v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020).

Because Plaintiff has not pled legally cognizable claims such that Defendants are entitled to dismissal of claims against them, she necessarily cannot demonstrate a strong likelihood of success on the merits. Nor can she establish that she will suffer irreparable harm absent preliminary injunctive relief. Accordingly, Plaintiff's motion for a preliminary injunction (Doc. No. 13) is **DENIED**.

## IV. Conclusion

For the reasons stated, Defendant WPAFB's motion to dismiss (Doc. No. 11) is **GRANTED**. Defendant Judge Cross's renewed motion to dismiss (Doc. No. 6) is **GRANTED**. Plaintiff's claims against Defendants WPAFB, Judge Cross, and Hollins are **DISMISSED WITH PREJUDICE**, and her motion for a preliminary injunction (Doc. No. 13) is **DENIED**. All remaining motions (Doc. No. 17) are **DENIED AS MOOT**, and this case is **TERMINATED ON THE DOCKET**.

**IT IS SO ORDERED**.

February 16, 2024                              s/Michael J. Newman
                                               Hon. Michael J. Newman
                                               United States District Judge